# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# NO. 3:20-cv-312-GCM

| | |
|---|---|
| CLEAR BLUE INSURANCE, CO., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )     ORDER |
| AMIGO MGA, LLC, | )<br>)<br>) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction ("Motion") (Doc. No. 2). While Defendant has characterized Plaintiff's Motion as an attempt to secure money damages, Plaintiff seeks the release of premiums that are the property of Plaintiff wrongfully held by Defendant. A preliminary injunction is an appropriate means to secure those premiums. *See Allen Corp. of Am. v. Zayas*, No. TDC-14-3719, 2014 U.S. Dist. LEXIS 168223, *10 (D. Md. Dec. 4, 2014) (granting an injunction where defendants had wrongfully transferred money owned by a plaintiff into various bank accounts owned by or associated with defendants).

"A preliminary injunction is an extraordinary remedy afforded prior to trial at the discretion of the district court that grants relief pendente lite of the type available after the trial." *Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 345 (4th Cir. 2009). In order to obtain a preliminary injunction, a plaintiff must establish "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Id.* (citing *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008)).

The Court finds that Plaintiff is likely to succeed in its claim that Defendant improperly withheld collected premiums. Per the operative agreement between Plaintiff and Defendant—the Amended and Restated General Agency Agreement ("Agreement")—all premiums collected by Defendant on behalf of Plaintiff are owned by Plaintiff. (Doc. No. 1, at 10) ("[A]ll premiums collected by [Defendant] are collected on behalf on [Plaintiff] . . . [and] such premiums are the property of [Plaintiff]."). Defendant concedes that it withheld collected premiums but asserts that it withheld them because it has not reconciled with Plaintiff the proper amount in fees and other costs Defendant is due. Under the Agreement, that is not a proper basis on which to withhold the premiums. (Doc. No. 1-1, at 11) ("Should any dispute arise between the [Plaintiff] and [Defendant] regarding the payment of premium, the [Defendant] shall remit immediately all money and property, without offset or deductions for commissions, to the premium trust account . . . ."). The Court also notes that Defendant argues that in order to obtain an injunction, Plaintiff must be likely to succeed on each of its claims in the underlying arbitration (including claims unrelated to the withheld premiums). The Court disagrees—Plaintiff need not be likely to succeed on claims unrelated to the requested injunctive relief.

Defendant's willingness to siphon premiums owned by Plaintiff to a personal account in violation of the Agreement indicates that, in the absence of preliminary relief, Plaintiff is likely to suffer irreparable harm. Defendant diverted funds that it believed it was owed from the premium trust account to its personal account on Feb 20, 2020 (Doc. No. 1-15, at 5) as well as on several occasions in March 2020 (Doc. No. 1-14, at 4). Those diversions occurred after Plaintiff sent Defendant a "demand to provide documentation of bank account activity" disputing Defendants management of the premium funds (Doc. No. 1-9). Thus, those diversions violated the terms of the Agreement. (Doc. No. 1-1, at 11) ("Should any dispute arise between the [Clear Blue Insurance,

Co.] and [Amigo MGA, LLC] regarding the payment of premium, the General Agent shall remit immediately all money and property, without offset or deductions for commissions, to the premium trust account . . . .").

The balance of equities tip in Plaintiff's favor because Defendant has not alleged that there would be anything other than temporary hardship imposed on Defendant if it were successful in its defense, whereas the hardship on Plaintiff—if its claims were successful but the premiums depleted—would be permanent. Further, public interest sides with the prevention of the dissipation of assets owned by Plaintiff but wrongfully withheld by Defendant. Thus, Plaintiff's request for preliminary injunction is **GRANTED** and Plaintiff's request for a temporary restraining order is **MOOT**.

The Court Orders Defendant to wire transfer all premiums collected on behalf of Plaintiff and held in accounts in the care and custody of Defendant by **June 30, 2020** at **5:00pm**. Defendant will remit to Plaintiff all future premiums collected on behalf of Plaintiff within 30 days of receipt. Further, Defendant will provide a monthly accounting about the future premiums remitted. Lastly, Defendant must perform an accounting with respect to the roughly $2,800,000 in premiums that it has collected on behalf of Plaintiff since **April 1, 2019**. That accounting is due to Plaintiff by **August 3, 2020**.

The Court Orders Plaintiff to provide security in the amount of **$25,000** to pay the costs and damages sustained by Defendant if it is found to have been wrongfully enjoined. The parties shall notify the Court within fourteen days of the arbitration award.

**SO ORDERED**.

Signed: June 19, 2020

Graham C. Mullen
United States District Judge