IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00312-GCM

| | |
|---|---|
| CLEAR BLUE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>AMIGO MGA, LLC,<br><br>Defendant. | **ORDER** |

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Strike from the Court Record the Confidential Document Filed by Defendant and to Impose a Sanction for the Payment of Attorneys' Fees [ECF Doc. 43] and Defendant Amigo MGA, LLC's Expedited Motion to Compel Turnover of Rule 26 Responsive Documents, Compel Compliance with Joint Rule 26 Certification and to Continue Evidentiary Hearing Set for December 18, 2020 [ECF Doc. 44]. These motions, now being fully briefed, are ripe for review and the Court finds the following.

I. **Plaintiff's Motion to Strike**

The Court will first consider Plaintiff's Motion to Strike from the Court Record the Confidential Document Filed by Defendant and to Impose a Sanction for the Payment of Attorneys' Fees ("Motion to Strike"), which was filed on December 10, 2020. The Motion to Strike concerns a transcript from a deposition that occurred in the separate arbitration between these parties ("Deposition Transcript"). Plaintiff maintains the Court should use its discretion to strike the Deposition Transcript from the record because its filing violated the General Agency Agreement, which states "[e]xcept as may be required by law or required to secure a judgment on the arbitration award, neither the Parties nor the arbitrators shall disclose the existence, content or

results of any arbitration conducted hereunder without the prior written consent of the Parties." ECF Doc. 43-1 at 2; ECF Doc. 1-1 at 30.  Plaintiff also argues that the Deposition Transcript should be struck pursuant to Rule 403 of the Federal Rules of Evidence.  ECF Doc. 43-1 at 3.  In contrast, Defendant argues the General Agency Agreement allowed for the filing of the Deposition Transcript and, even if it did not, the parties signed a new Confidentiality Agreement and Protective Order ("Protective Order") upon entering arbitration.  ECF Doc. 45 at 3.  The Protective Order requires that deposition transcripts remain "confidential and not disclosed or characterized" but provides an exception for disclosing deposition transcripts "as is necessary in connection with court proceedings relating to any aspect of the arbitration, including but not limited to motions to confirm, modify, vacate or enforce an award issued in this arbitration."  ECF Doc. 45-3 at 1.  If a party discloses a deposition transcript to the Court, the submission "shall be sealed and/or redacted."  *Id.* at 2.  Defendant seeks to use the Deposition Transcript to impeach Mr. Peter Klope's prior testimony, but Defendant did not redact the Deposition Transcript or file it under seal.

The Court has within its discretion the inherent authority to strike documents other than those allowed under Rule 12(f) of the Federal Rules of Civil Procedure.  *EEOC v. MVM, Inc.*, No. TDC-17-2881, 2018 WL 1882715, at *5 (D. Md. Apr. 19, 2018).  Additionally, under Rule 403 of the Federal Rules of Evidence, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  Lastly, under the Rules of Practice and Procedure of the United States District Court for the Western District of North Carolina ("Local Rules"), deposition transcripts shall not be filed unless parties are "(1) directed to do so by the Court; (2) the materials are needed for an in-Court proceeding; or (3) the materials are filed to support or oppose a motion

or petition." LCvR 26.2. "Materials filed to support or oppose a motion or petition shall be labeled as an 'Appendix' or 'Attachment' thereto and shall be limited to those portions of the material directly necessary to support or oppose the motion or petition." *Id.*

The Court finds that the Deposition Transcript should be struck. In reaching this conclusion, the Court makes no ruling on whether the Protective Order supersedes the General Agency Agreement because Defendant breached either agreement by filing the Deposition Transcript unsealed and unredacted. Even under the Protective Order, though, it does not appear that the parties intended the exceptions to apply to filing a deposition transcript in a court proceeding pertaining only to enforcing a preliminary injunction. *See* ECF Doc. 45-3 at 1 (listing examples such as motions to confirm, modify, vacate or enforce an arbitration award—none of which relate to disclosing the confidential information in a separate preliminary injunction proceeding). Defendant also violated the Local Rules of this Court by filing a deposition transcript without any direction to do so by the Court, without apparent need for an in-Court proceeding, and without specifying that the materials were filed to support or oppose a motion. *See* LCvR. 26.2. There is no apparent need for the transcript in Court, given that Mr. Klope will appear as a live witness during the Court's evidentiary hearing. For similar reasons, the evidence appears to be cumulative and risks confusion of the issues. *See* Fed. R. Evid. 403. If Defendant still seeks to impeach Mr. Klope after his live testimony, then Defendant can seek to introduce admissible evidence at the hearing. Nevertheless, while the Deposition Transcript should be struck, it does not appear that the circumstances here demand the Court to impose a sanction and require a payment of attorneys' fees for Plaintiff's Motion to Strike. Therefore, Plaintiff's Motion to Strike will be **GRANTED IN PART AND DENIED IN PART**.

II. **Defendant's Motion to Compel**

In Defendant Amigo MGA, LLC's Expedited Motion to Compel Turnover of Rule 26 Responsive Documents, Compel Compliance with Joint Rule 26 Certification and to Continue Evidentiary Hearing Set for December 18, 2020 ("Motion to Compel"), Defendant argues that Plaintiff has refused to produce documents pursuant to the initial disclosures requirement in Rule 26 of the Federal Rules of Civil Procedure. ECF Doc. 44 at 3. Defendant maintains that, in listing categories of documents and allowing Defendant to contact counsel for Plaintiff to discuss the location of those documents, Plaintiff did not comply with the federal rules. *Id.* at 4. Because Defendant has requested documents that support the claim that Defendant must account for $2.8 million in unremitted premiums, Defendant argues that the evidentiary hearing should not proceed prior to Plaintiff producing such documents. Plaintiff responds by arguing that it did comply with the initial disclosure requirements in Rule 26 and any additional document requests were not made in compliance with the Federal Rules of Civil Procedure. ECF Doc. 46 at 3.

The Federal Rules of Civil Procedure require that parties provide "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii). Additionally, a party may serve a request for documents or electronically stored information in compliance with the requirements set forth in Rule 34, and "[t]he party to whom the request is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34. Here, Plaintiff complied with the rules pertaining to initial discovery when its initial disclosures provided a description of documents by category and stated that Defendant could contact Plaintiff to discuss the location. Beyond that, Plaintiff submits that Defendant did not properly serve actual discovery requests pursuant to the Federal Rules of Civil Procedure, and Defendant has provided no evidence to the contrary. Indeed, Defendant's requests

on the eve of this motion hearing do not conform to the Federal Rules of Civil Procedure, and there is no basis for the Court to compel Plaintiff to provide the requested materials.

As to Defendant's Motion to Continue, it is now moot due to the sudden and unanticipated circumstances relating to the outbreak of COVID-19 which already caused the Court to reset this hearing. No further continuance shall be granted pursuant to Defendant's Motion to Continue, and the hearing will occur on January 6, 2021 at 10:30 AM.

### III. ORDER

**IT IS HEREBY ORDERED** that:

1. As to Plaintiff's request for the Court to strike from the record the Deposition Transcript of Peter Klope [ECF Doc. 42-1], Plaintiff's motion is **GRANTED**;

2. As to Plaintiff's request that the Court impose a sanction for the payment of attorneys' fees, Plaintiff's motion is **DENIED**;

3. Defendant Amigo MGA, LLC's Expedited Motion to Compel Turnover of Rule 26 Responsive Materials, Compel Compliance with Joint Rule 26 Certification and to Continue Evidentiary Hearing Set for December 18, 2020 [ECF Doc. 44] is **DENIED**.

**SO ORDERED**.

Signed: December 24, 2020

Graham C. Mullen
United States District Judge